UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| VERNELL WOMACK,           )<br>                           )<br>     Plaintiff,           )<br>                           )<br>v.                         )     Case No. CV 306-59<br>                           )<br>JAMES E. DONALD, Commissioner, )<br>and S.M. SIKES, Warden,    )<br>                           )<br>     Defendants.           ) | |

## ORDER

Plaintiff Womack, an inmate at Georgia State Prison in Reidsville, Georgia, brings this pro se civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has been granted in forma pauperis status, and the matter is now before this Court for an initial screening under 42 U.S.C. §1997e(a) (2006). The Magistrate Judge recommends that the current petition be dismissed for failure to exhaust administrative remedies. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation to which an objection has been filed.

As the Magistrate's Report and Recommendation explains, the Prison Litigation Reform Act ("PLRA"), requires that all administrative remedies be exhausted before an inmate brings a Section 1983 petition. 42 U.S.C. §1997e(a) (2006). The PLRA exhaustion requirement is mandatory, and this Court has no discretion to waive the requirement even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Moreover, an inmate must

complete the administrative process before exhaustion is proper. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). For example, if the inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedy. Id. Finally, the inmate must complete the administrative process before initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1157-59 (stating "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred" (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002)).

Plaintiff objected to the Magistrate Judge's Report and Recommendation and argued that he has exhausted his administrative remedies because prison officials have deliberately delayed responding to his grievance appeal.[1] To the extent that Plaintiff implies that a response from the Department of Corrections would be a futile or inadequate remedy, this Court has no discretion to waive the exhaustion requirement. Alexander v. Hawk, 159

---

[1] The Magistrate Judge notes that an "indefinite" delay in a response by prison officials might serve to demonstrate that administrative remedies are unavailable. See, e.g., Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999); Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2005). However, Plaintiff has not disputed the Magistrate Judge's assertion that Plaintiff filed the current lawsuit before the ninety-day expiration of the prison officials' time to respond to Plaintiff's grievance appeal. Therefore, Plaintiff has not demonstrated an indefinite delay by prison officials.

F.3d 1321, 1325-6 (11th Cir. 1998). Because the exhaustion requirement is jurisdictional, this Court has no authority to consider Plaintiff's complaint until he has completed the administrative process in its entirety. However, in his complaint Plaintiff states that his grievance appeal is still pending before the Department of Corrections. (Doc. 1 at 4.) While Plaintiff's grievance appeal is still pending, Plaintiff has not demonstrated exhaustion of administrative remedies. Johnson, 418 F.3d at 1157-59 (stating "unless the prisoner completes the administrative process . . . exhaustion has not occurred"). Because Plaintiff has not exhausted his administrative remedies and the exhaustion requirement is mandatory under the PLRA, this Court has no jurisdiction to consider Plaintiff's case. This Court finds that Plaintiff has failed to exhaust his administrative remedies, and his claims are subject to dismissal pursuant to 42 U.S.C. §1997e(a).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Womack's current Section 1983 action is **DISMISSED** without prejudice pursuant to 42 U.S.C. §1997e(a) (2006) for failure to exhaust administrative remedy. Once Plaintiff has fully exhausted his administrative remedy, he may re-file his Section 1983 action.

**SO ORDERED.**

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2006